In the Matter of the BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWNS OF BETHLEHEM, COEYMANS AND NEW SCOTLAND, Petitioner, against FRANCIS T. SPAULDING, as Commissioner of Education of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, June 22, 1949.

*Andrew Wright Lent* for petitioner.

*Charles A. Brind, Jr.,* for respondent.

BOOKSTEIN, J. Union Free School District No. 1 of the Towns of Bethlehem, Coeymans and New Scotland (hereinafter called " Union District ") is comprised of several former common school districts located in the three towns heretofore mentioned. Among such former common school districts was Feura Bush School District No. 5 of the Towns of New Scotland and Bethlehem (hereinafter called " Common District "). At the time of the dissolution of said former common school districts and the creation of the aforesaid Union District of which they became a part, the aforesaid Common District owed a bonded indebtedness of $3,000, part of which was then due and all of which

matured on January 1, 1948. After the creation of said Union District, all of the common school districts which became a part of said Union District, turned over to it all of its assets and properties.

Acting under former section 135, present section 1518, of the Education Law, one Elmer J. Becker, as a former or holdover trustee of the former Common District, called a meeting of the qualified voters thereof to act upon a proposition that a tax be levied against the taxpayers of said Common District to pay off, discharge and liquidate its aforesaid bonded indebtedness of $3,000. One William Matthias, a taxpayer, was present at said meeting which duly adopted such a resolution. The necessary assessment roll and tax list were not prepared until after December 1, 1947, and no warrant has been issued for the collection of such tax.

On or about August 30, 1948, the aforesaid William Matthias petitioned the respondent, Commissioner of Education, for an order directing the board of education of the Union District to include in the moneys to be levied and collected by taxation for the year 1947 a sufficient amount to pay the installment of principal and interest due on the aforesaid bonded indebtedness of the former Common District and to restrain the trustees of said former Common District from levying and collecting a tax for such purpose.

The basic controversy is whether the aforesaid bonded indebtedness is to be paid solely by the taxpayers of said former Common District or is to be spread over and among all of the taxpayers of the new Union District.

Petitioner appeared before respondent and objected to his jurisdiction to hear and determine such an application.

On September 20, 1948, respondent rendered his decision to the effect that the bonded indebtedness of the former Common District should be spread over the entire territory and taxpayers embraced with the new Union District; requiring the trustees of said Union District to raise by taxation, if necessary, on all of the taxable property of said Union District a sum sufficient to pay all of the outstanding bonded indebtedness and interest thereon of the former Common District and restraining the former officers of said former Common District from levying and collecting a tax on the property of said former Common District for that purpose.

In the meantime a proceeding under article 78 and a plenary action were instituted in Supreme Court, Albany County, one by

Ralph Monaco and the other by Raymond J. Vadney, which in essence sought a determination of the same basic question as was before the respondent for determination.

The Monaco action was a taxpayer's action in the nature of an action for a declaratory judgment declaring that the taxpayers only of the former Common District were to pay its existing bonded indebtedness and for judgment enjoining the Union District from levying any tax against all of the taxpayers of said Union District for the payment of the bonded indebtedness of said former Common District.

On December 24, 1947, a decision was rendered granting the relief sought by Monaco and on January 6, 1948, a judgment was entered accordingly.

The Vadney proceeding was a taxpayer's proceeding under article 78 to compel the former trustees of the former Common District to issue a tax warrant against the taxpayers thereof to pay the bonded indebtedness aforesaid.

On December 24, 1947, which was the date of the decision in the Monaco action, a decision was rendered granting the relief sought by Vadney and on the same day a final order was signed granting such relief.

In neither said proceeding nor in said action was the respondent herein a party; neither was Matthias, upon whose petition, the order under review, was made.

On the argument it has been intimated that the judgment and order granted in the Monaco action and Vadney proceeding, respectively, were fraudulent and collusive; that an examination of the rolls therein would indicate that there was no trial in any real sense; that there was no real contest before the court; that the judgment and order in the action and proceeding referred to were, to all intents and purposes, consent decrees; that the basic issue involved was not really, and certainly not adequately, presented to the court; that there is nothing to indicate that, in either said action or proceeding, the court's attention was called to the proceeding pending before the respondent; no temporary restraining order was obtained against respondent nor was any order in the nature of prohibition sought against him.

Whether or not the criticism thus made is justified, it seems to this court that there is an insurmountable barrier to a refusal to grant the relief sought by petitioner herein.

In view of the conclusion which this court has reached, it is unnecessary to decide the basic question involved as to whether the bonded indebtedness of the former Common District is to be

paid by its taxpayers or whether it is to be paid by all of the taxpayers of the Union District; nor whether respondent had jurisdiction of the proceeding instituted by Matthias and to issue therein the temporary stay, pending its determination; nor whether such jurisdiction, if it existed, was exclusive. For present purposes, and without so deciding, it may be assumed that respondent had such jurisdiction; that it was exclusive and that the indebtedness should be paid by all of the taxpayers of the Union District, rather than by the taxpayers of former Common District alone.

The difficulty with the situation is that the final judgment and final order of the Supreme Court in the Monaco action and Vadney proceeding are *res judicata* and thus binding upon this court in this proceeding.

While the respondent herein was not a party to that action or proceeding, it was not necessary that he be one. As to Matthias, he was a party by representation, even though his contention was never presented for the court's consideration. As a taxpayer of the former Common District, he was a party to both the action and the proceeding heretofore described, by reason of the trustee of said school district having been a party thereto. (*Ashton* v. *City of Rochester,* 133 N. Y. 187.)

The final judgment and order in the Monaco action and Vadney proceeding, whether fraudulent or not, cannot be attacked collaterally in this proceeding. They are final, binding and conclusive on the parties to them, unless and until, they are affected, by a direct attack in appropriate proceedings for that purpose.

As a result of the course which has been followed in this matter, we have the anomolous situation, whereby the Commissioner of Education has determined on September 20, 1948, that the bonded indebtedness of the former Common District should be paid by the Union District and has directed that said Union District levy a tax against all of the property in its territory to pay same. Contrariwise, we have a final judgment of the Supreme Court on January 20, 1948, determining that said indebtedness shall be paid by the former Common District and enjoining the Union District from paying same; and a final order on December 24, 1947, commanding the former Common District to levy a tax for the payment thereof.

However it was created, the situation is an intolerable one and must have a termination.

Under the circumstances, this court has no alternative but to honor the final judgment and final order in the Supreme Court action and proceeding, which were rendered prior to the final determination of the respondent herein, even though his temporary restraining order was issued prior thereto. In so doing, this court is not passing upon the question of whether the judgment and order in the Monaco action and Vadney proceeding were fraudulent or collusive; nor does this court intend by its disposition of this proceeding to indicate that it has made any determination of the basic questions involved, contrary to the conclusions reached by respondent or similar to the conclusions necessarily apparently reached in the Supreme Court action and proceeding aforesaid.

The motion to annul, vacate and set aside the order of respondent dated September 20, 1948, is granted, without costs.

Submit order.